UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 5:26-CV-00054-BJB-LLK

TERRY CANSLER PLAINTIFF/RESPONDENT

v.

JEFFREY W. MUTH DEFENDANT/MOVANT

---

**MEMORANDUM OPINION and ORDER**

District Judge Benjamin Beaton referred this matter to Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions. [DN 6]. Before the Court is the Motion of Defendant Jeffrey W. Muth, seeking to amend his complaint to implead an unknown third-party defendant[1] and for appointment of a warning order attorney. [DN 15]. Plaintiff Terry Cansler filed a response in opposition, [DN 17], and Defendant filed a reply, [DN 18]. For the following reasons, Defendant's Motion to Amend is **GRANTED**.

[1] In the Sixth Circuit, for the purpose of a magistrate judge's authority, motions to amend complaints are considered non-dispositive. *See, e.g.*, *Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review ...") (citations omitted); *Hira v. New York Life Insurance Co.*, at *1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive ); *United States v. Hunter*, 2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013)2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order.").

## I. Background Facts and Procedural History

The case concerns a June 23, 2023, rear-end collision in Hopkinsville, Kentucky. [DN 17]. Defendant allegedly collided with Plaintiff while Plaintiff was stopped or slowed in traffic. *Id.*

On October 9, 2025, Plaintiff filed a complaint in Christian County Circuit Court in Kentucky, alleging defendant was negligent in operating his vehicle. [DN 1-1, at 2]. Defendant then filed his answer on January 16, 2026, [DN 1-1], and then removed the case on February 27, 2026. [DN 1].

On July 17, 2026, Defendant filed a motion for leave to file a third-party complaint and for an appointment of a warning order attorney. [DN 15]. In his proposed third-party complaint, Defendant alleges that "[a]n unknown John Doe driver of a vehicle suddenly and unexpectedly slammed on its brakes in front of Plaintiff's vehicle." [DN 15-2, at 1]. This, Defendant claims, resulted in Plaintiff slowing down "suddenly" to avoid colliding with the John Doe, which resulted in Defendant striking the rear end of Plaintiff's vehicle. *Id.* at 2.

Plaintiff filed a response, arguing that Defendant does not plead facts supporting negligence of the supposed third party, that facts do not support Defendant's complaint, and that permitting the complaint would complicate and delay the action. [DN 17]. Defendant in turn filed a reply, arguing that federal law does not require him to prove negligence at this stage of litigation. [DN 18].

## II. Under Kentucky law, Defendant's motion is proper.

Federal Rule of Civil Procedure 14(a) permits a defending party to serve a third-party complaint upon "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A defendant who wishes to file a third-party complaint "more than 14 days

after serving its original answer" may only do so by leave of court. *Id.* The Sixth Circuit has stated that "[t]he purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003)). If more than fourteen days have passed since the service of the original answer, then the question of whether to allow the third-party claim to proceed "is committed to the discretion of the trial court." *Nipponkoa Ins. Co., Ltd. v. Ozark Motor Lines, Inc.*, 2006 WL 2947467, at *3 (M.D. Tenn. 2006).

The Sixth Circuit generally categorizes third-party complaints as indemnity or contribution claims. *Am. Zurich Ins. Co.*, 512 at 805. In his proposed third-party complaint, Defendant claims he "is entitled to an allocation of fault, if any, to each claimant, Defendant, and Third-Party Defendant for the claims asserted by Plaintiff." [DN 15-2, at 2]. An impleader is proper if the applicable substantive law gives the defendant a valid legal right to hold the third party liable for all or part of the plaintiff's claim. *Tate v. Frey*, 735 F.2d 986, 989 (6th Cir. 1984) (citing *Eastman Chem Int'l Ltd. v. Va. Nat'l Bank*, 94 F.R.D. 21, 22 (E.D. Tenn. 1981).

Because Defendant's motion to file a third-party complaint was filed well more than fourteen days after his answer, he must obtain this Court's leave. Rule 14 is procedural, and "the substantive rights of a third-party must be determined by applying the appropriate state law." *Roe v. Bryant & Johnston Co.*, 193 F. Supp. 804, 805 (E.D. Mich. 1961). Under Kentucky law, actions against unknown defendants are permitted for the purpose of apportioning fault. *Ky. Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 803 (Ky. 2005). Specifically, the Supreme Court of

Kentucky held in *Ryan* that a defendant in an automobile collision may properly join an unknown motorcyclist as a party to determine comparative negligence. *Id.*

This Court addressed the propriety of a third-party complaint with parallel facts in *Brown v. Mason and Dixon Lines, Inc*. 2009 WL 196105 (W.D. Ky. Jan. 26, 2009). There, a defendant collided with the plaintiff's car as she sat in traffic waiting for another, unrelated car accident further up the road to be cleared. *Id.* at *1. The defendants moved to implead certain unknown defendants involved in the first accident, which they alleged proximately caused the plaintiff's accident because the collision would not have occurred had traffic not stopped due to the unknown third parties' prior accident. *Id.* In the instant case, the sudden and unexpected braking of the Defendants' supposed unknown third party caused Plaintiff to stop, which in turn caused Defendant to crash into Plaintiff. These two cases share the same premise: the defendant alleges that an unknown third party they seek to implead created the condition that allowed the defendant's conduct to harm the plaintiff, which may render the third party liable for apportionment. This Court in *Brown* granted the defendants' motion to file a third-party complaint.

Plaintiff protests that allowing Defendant to proceed with his third-party complaint will unduly complicate proceedings. However, there is sufficient similarity and overlap between the issues and evidence required to prove Plaintiff's main and Defendant's third-party claims to justify allowing the third-party claim to proceed. *Cf. Galvan v. Honeywell Int'l Inc.*, 2008 WL 11355513 (E.D. Mich. May 21, 2008) (denying plaintiff's objections to magistrate judge's denial of plaintiff's motion to file a third-party complaint, in part, because of "the lack of similarity between the issues and evidence required" to litigate the claims against the third party); *U.S. Commodity Futures Trading Comm'n v. Complete Developments, LLC*, 2011 WL 4361633 (N.D. Ohio Sept. 19, 2011) (denying leave to file third-party complaint because allowing the complaint would

require litigating issues unrelated to plaintiff's claims); *Gutierrez-Morales v. Planck*, 318 F.R.D. 332, 335 (E.D. Ky. 2016) (denying leave to file third-party complaints where claims were not dependent on the outcome of the main claim). Each claim here centers on the circumstances around Defendant's collision into Plaintiff's vehicle. And whether Defendant has a contribution claim against the unknown third party is secondary, derivative, or dependent upon the outcome of Plaintiff's claim.

Pursuant to Kentucky law, Defendant's motion is proper. But the Court acknowledges, just as it did in *Brown*, Plaintiff's position that Defendants are unable to establish liability against unknown defendants. But the Court believes that "any arguments in that regard are better reserved for a motion to dismiss or motion for summary judgment." *Brown*, 2009 WL 196105, at *2. Plaintiff will have standing to move for dismissal or summary judgment on Defendant's third-party complaint if Defendant should demand an apportionment instruction. *Brown v. Mason and Dixon Lines, Inc.*, 2009 WL 1470346, at *3 (W.D. Ky. May 22, 2009) (declining to entertain defendants' argument that plaintiff lacked standing as to defendants' third-party claim because an apportionment instruction would directly affect plaintiff).[2]

---

[2] This Court issued several opinions in *Brown v. Mason and Dixon Lines Inc*. The *Brown* opinion upon which Plaintiff relies did not require the defendant to present actual evidence to implead an unknown third party. That opinion arose at the summary judgment stage, which is governed by a standard different from that applicable to determining whether a third-party complaint should proceed. The opinion Plaintiff cites even notes, referring to the *Brown* opinion discussed at length in the main body of this Memorandum Opinion and Order, that "the Court granted Defendants' motion for leave to file a third-party complaint against certain Unknown Defendants." *Brown*, 2009 WL 1470346, at *1. Ultimately, the plaintiff in the opinion cited by Plaintiff prevailed on summary judgment against defendants' third-party claims.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File a Third-Party Complaint [DN 15] is **GRANTED.**

October 8, 2026

**Lanny King, Magistrate Judge**
**United States District Court**